UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES HARRIS,

    Plaintiff,

v.

EXTENDICARE HOMES, INC., d/b/a PUGET SOUND HEALTHCARE CENTER, *et al.*,

    Defendants.

Case No. C10-5752RBL

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

THIS MATTER comes before the Court on a motion to dismiss filed by the four newly-added defendants in this case: Extendicare Health Services, Inc. ("EHSI"), Extendicare Health Facility Holdings, Inc., Home Re 1, LLC, and Progressive Step Corporation (collectively, the "new defendants"). The Court recently granted plaintiff's motion to amend the complaint to add those defendants. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to set forth any facts or plausible legal allegations against them.

For the reasons set forth below, the Court grants the motion with leave to amend. Because this matter can be decided based on the parties' filings and the balance of the record, defendants' request for oral argument is denied.

ORDER - 1

**I. DISCUSSION**

The facts in this matter are set forth in the Court's order regarding defendants' motion for partial summary judgment and will not be repeated here.

**A.  Applicable Legal Standards**

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted.  The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true.  *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).  A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555.  The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.*  A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

**B.  Analysis**

As defendants note, the Amended Complaint is devoid of any facts against the new defendants except for stating that each one is a "for profit company doing business in the State of Washington." [Amended Complaint, Dkt. #43 at ¶¶ 1.8-1.11].  Nevertheless, plaintiff argues that he has stated claims because the legal claims refer to "defendants" plural.  However, as the Supreme Court has clarified, conclusory allegations are insufficient, and a complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  By failing to set forth any

ORDER - 2

facts regarding the new defendants, the amended complaint fails to state a claim against them.

Although defendants filed a motion to dismiss, plaintiff urges the Court to consider materials he submitted with his response, including an organizational chart and the affidavit and report from alleged expert Bruce Engstrom. As part of its ruling on defendants' motion for partial summary judgment, the Court struck Mr. Engstrom's report. Even if the Court considered the report, it would not change the result of this motion. Among other things, Mr. Engstrom opines that the new defendants "should be included in the action" and are liable. [Affidavit of Bruce Engstrom, Dkt. #47 at p. 7]. The Court has not considered those legal conclusions.

Construed in the light most favorable to plaintiff, the materials show that the new defendants are affiliated corporate entities of defendant PSHC, EHSI is PSHC's parent company, EHSI exerted some degree of financial and operational control over PSHC, PSHC's parent companies siphoned money, which could have been used for patient care, away from PSHC, and EHSI created and disseminated policy materials for PSHC. None of those allegations is set forth in the Amended Complaint. Aside from that pleading deficiency, plaintiff has failed to explain how those allegations support a claim against the new defendants. His response to the motion simply cites his expert's opinions without alleging any legal theory, or supporting authority, to hold the new defendants liable. The Court will not create plaintiff's legal theories for him.

In addition to the absence of such theories, it appears that the claims plaintiff has asserted in the amended complaint may be inapplicable to the new defendants. Plaintiff's claims are based on the care provided to Ms. Harris, but the new defendants provided no such care. Nor did they have a duty to do so. In fact, although plaintiff alleges a negligence claim against all defendants, he has failed to identify any duty the new defendants owed to Ms. Harris. Plaintiff has alluded to a "corporate negligence" theory, but it is inapplicable to the new defendants for the reasons set forth in the Court's order on defendants' motion for partial summary judgment. *See, e.g.*, *Pedroza v. Bryant*, 101 Wn.2d 226, 236, 677 P.2d 166 (1984) (explaining that the

ORDER - 3

corporate negligence theory is based on a hospital's duty to its patients). Accordingly, even if the Court considers the materials submitted by plaintiff, he has failed to state a claim against the new defendants.

Plaintiff requests leave to amend if the Court is inclined to grant the motion. A court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In this case, it is possible that the deficiencies could be cured by amendment. Plaintiff is reminded, however, that he cannot simply make conclusory allegations regarding all defendants. Rather, he must set forth facts regarding each defendant and include plausible liability allegations.

## II. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion to dismiss the claims against the new defendants (Dkt. #42) with leave to amend. Plaintiff may file an amended complaint in the docket within twenty days of the date of this order.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE