1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES HARRIS, individually and as
personal representative of the Estate of
ALMA HARRIS, a deceased vulnerable
adult,

                Plaintiff,

   v.

EXTENDICARE HOMES, INC., et al,

                Defendant.

CASE NO. C10-5752RBL

ORDER DENYING DEFENDANT
PSHC'S MOTION FOR SUMMARY
JUDGMENT
[DKT. #74]

     This matter is before the Court on Defendant Extendicare Homes, Inc.'s [d/b/a Puget Sound Healthcare Center, "PSHC") Motion for Summary Judgment [Dkt. #74].  PSHC seeks summary dismissal of Plaintiff Harris's wrongful death, negligent training and supervision, and Vulnerable Adult Statute ("VAS") claims, arguing that there is no evidence to support any of them.

     The factual chronology of this case — *what* happened — is not seriously in dispute, and has been outlined in this Court's prior Order.  [*See* Dkt. #55]  *Why* the events occurred, however, is the subject of hotly contested expert testimony and argument based on these facts.  Because

1  the ultimate questions cannot be determined as a matter of law, the Motion for Summary

2  Judgment is denied.

3      Summary Judgment is proper "if the pleadings, the discovery and disclosure materials on

4  file, and any affidavits show that there is no genuine issue as to any material fact and that the

5  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining

6  whether an issue of fact exists, the Court must view all evidence in the light most favorable to

7  the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty*

8  *Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

9  A genuine issue of material fact exists where there is sufficient evidence for a reasonable

10  factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248.  The inquiry is "whether

11  the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

12  one-sided that one party must prevail as a matter of law." *Id*. At 251-52.  The moving party

13  bears the initial burden of showing that there is no evidence which supports an element essential

14  to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the movant

15  has met this burden, the nonmoving party then must show that there is a genuine issue for trial.

16  *Anderson*, 477 U.S. at 250.  If the nonmoving party fails to establish the existence of a genuine

17  issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

18  U.S. at 323-24.

19      PSHC's Motion for Summary Judgment on Plaintiff's wrongful death claim is based on

20  its argument that Harris has no factual support for this claim.  It also points out that Alma

21  Harris's treating physician, Dr. Reinke, testified that her death was not caused by her July 2009

22  fall.

23

24

1   Other than disputing what Dr. Reinke's testimony actually is, Harris' response is fairly

2   simple: he has submitted two expert opinions[1] supporting his claim that the fall and the

3   subsequent lack of care did cause Alma Harris' death.  He argues, and the court agrees, that the

4   competing expert opinions create a genuine issue of material fact as to the cause of death and

5   that, as a result, Summary Judgment on Plaintiff's wrongful death claim is not warranted.  The

6   Court agrees, and the motion on this claim is DENIED.

7   PSHC similarly argues that there is no evidence supporting Plaintiff's claim of negligent

8   training, supervision, and staffing.  They argue that none of Plaintiff's experts support the claim

9   that PSHC failed to meet the standard f care in these areas, and the claim should be dismissed as

10  a matter of law.

11  Harris responds, again, that his experts (Thomason and Engstrom) do specifically opine

12  that PSHC's training and supervision fell below the standard of care, and that these failures were

13  a cause of Alma Harris' death.  PSHC's *Celotex* Summary Judgment Motion put the onus on the

14  Plaintiff to provide evidence supporting his contention, and he has done so.  The Motion for

15  Summary Judgment on the Plaintiff's negligent training supervision and staffing claim is

16  therefore DENIED.

17  Finally, PSHC seeks summary dismissal of Plaintiff's Vulnerable Adult Statute (RCW

18  74.34.020) claim.  PSHC argues that Plaintiff's VAS claim is defective because he has not

19  provided evidence that PSHC acted (or failed to act) willfully, that he has not demonstrated a

20  pattern of neglect, and that he has no evidence of abandonment or financial exploitation.

21

22  _____

23  [1] There are underlying issues regarding the evidence actually before the court, including whether Reinke's declaration was attached and whether Thomason's declaration says what the Plaintiff claims it says.  The Court is not going to dispose of the case on these sorts of issues,

24  particularly where the oversights are minor and easily corrected.

1    After pointing out that expert testimony on these subjects is not necessarily required,

2  Plaintiff again relies the testimony of his experts in support of his claim.  Thomason specifically

3  outlines the neglect that she claims Ms. Harris suffered, which is echoed by Mr. Harris himself.

4  The parties will be free at trial to provide competing testimony about the care given, and whether

5  that care constitutes neglect in the meaning of the statute.  It cannot be said as a matter of law,

6  however, that there is literally no evidence of neglect.  PSHC's Motion for Summary Judgment

7  on the VAS claim is therefore DENIED.

8    **IT IS SO ORDERED.**

9    Dated this 17th day of April, 2012.

10

11  _____

12  RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24